UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEROY SUTTON, JR.,

    Petitioner,

-vs-                                                    Case No. 6:11-cv-308-Orl-28DAB

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner filed a reply (Doc. No. 11) and an amended reply (Doc. No. 14) to the response.

Petitioner alleges five claims for relief in his habeas petition: (1) he received ineffective assistance of appellate counsel; (2) he was denied due process during the appeal of the denial of his Rule 3.850 motion because the state appellate court had an incomplete record; (3) trial counsel was ineffective for failing to call potential witnesses at trial; (4) trial

counsel was ineffective for failing to object to Petitioner wearing a "stun belt" during the jury trial; and (5) the trial court lacked jurisdiction over Petitioner.

## I. *Procedural History*

Petitioner and two other individuals were charged by information with robbery with a deadly weapon (count one), kidnaping (count two), aggravated battery (count three), manufacture of cocaine (count four), and possession of cocaine (count five). Prior to trial, the State entered a *nolle prosequi* as to counts four and five. A jury trial was held, and the jury found Petitioner guilty as to counts two and three and not guilty as to count one. The trial court adjudicated Petitioner guilty of kidnaping and aggravated battery. He was sentenced, as a prison releasee reoffender, to life imprisonment for the kidnaping conviction and for a term of fifteen years for the aggravated battery count, with the sentences to run concurrently. The trial court also found Petitioner guilty of violating his probation and sentenced him to imprisonment for a term of thirty years, with the other sentences to run consecutively to the sentence. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which entered a written opinion affirming the convictions and sentences.

While his direct appeal was pending, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) with the state trial court, which was denied. The state appellate court affirmed the denial *per curiam*.

Petitioner then filed a petition for writ of habeas corpus with the state appellate court alleging ineffective assistance of appellate counsel. The petition was denied.

Petitioner next filed a second Rule 3.800(a) motion with the state trial court, which was denied. The state appellate court affirmed the denial *per curiam.*

Petitioner subsequently file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, raising twenty-two claims. The trial court entered an order denying certain claims and requiring the State to respond to certain claims. However, Petitioner then filed an amended Rule 3.850 motion, raising twenty-five claims. The trial court entered an order requiring the State to file a response to claims one, five, eleven and sixteen and denying the remaining claims.

Next, Petitioner again sought to amend his Rule 3.850 motion, and the trial court entered an order allowing him to amend the claims set forth in grounds 12(b) and 20 and to present additional claims not previously raised. Petitioner filed an amended Rule 3.850 motion, and the trial court entered an order striking it because it merely reargued claims previously raised and denied on the merits. The State then filed its response to claims one, five, eleven, and sixteen, and the trial court summarily denied claim sixteen but set claims one, five, and eleven for an evidentiary hearing. After an evidentiary hearing, the trial court entered an order denying claims one, five, and eleven. The state appellate court affirmed the denial of Rule 3.850 relief *per curiam.*

## II. *Legal Standards*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

>   determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

>   Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III. Analysis

### A. Claim One

Petitioner argues that he received ineffective assistance of appellate counsel because counsel failed to properly challenge the denial of his motion for judgment of acquittal on the kidnaping charge. In particular, he states that appellate counsel argued, based on *Faison v. State*, 426 So. 2d 963 (Fla. 1983), that Petitioner's involvement in confining or moving the victim was inconsequential and, therefore, insufficient to support a conviction for kidnaping.[2] However, according to Petitioner, in *Faison*, the defendant was charged under section 787.01(1)(a)2, Florida Statutes, whereas Petitioner was charged under section 787.01(1)(a)3, which was not applicable to the test set forth in *Faison*. This claim was raised in Petitioner's state petition for a writ of habeas corpus, which was denied.

It is well established that a defendant has the right to effective counsel on appeal.

---

whether its decision was contrary to federal law).

[2]*Faison* adopted a test only for a determination of whether a kidnaping had taken place with the intent to commit a felony pursuant to section 787.01(1)(a)2.

5

*Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).[3]

Assuming, without deciding, that Petitioner's appellate counsel was ineffective in the presentation of this claim, Petitioner still has not shown that the trial court erred in denying his motion for a judgment of acquittal as to the kidnaping charge. Viewing the evidence in the light most favorable to the State, a rational trier of fact could have found beyond a reasonable doubt that all of the elements of the kidnaping charge were proved by the State.[4] Thus, Petitioner fails to demonstrate prejudice with regard to this matter. As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

---

[3]The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687.

[4]*See L.C. v. State*, 799 So. 2d 330, 332 (Fla. 5th DCA 2001) (holding that "[t]he court should not grant a motion for judgment of acquittal unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt.").

B.  *Claim Two*

Petitioner states that he was denied due process during the appeal of the denial of his Rule 3.850 motion because the state appellate court had an incomplete record.

This claim is not properly reviewable in a federal habeas proceeding. "A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty.... [A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). In *Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987), the petitioner argued that the state trial court violated his due process rights when it denied his Rule 3.850 motion because it did not conduct an evidentiary hearing and because its opinion denying relief failed to attach those portions of the record on which it relied. The Eleventh Circuit Court of Appeals held that the state trial court's alleged errors in the Rule 3.850 proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to issues unrelated to the cause of the petitioner's detention, and it did not state a basis for habeas relief. *Id.* at 1567; *see also Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984) ("Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation omitted) (citation omitted).

In this claim, Petitioner alleges errors in the state postconviction review process which are not addressable through habeas corpus proceedings; consequently, it must be

denied.

C.  *Claim Three*

Petitioner states that trial counsel was ineffective for failing to call potential witnesses at trial. Petitioner identifies several individuals who allegedly would have testified that Petitioner knew the victims prior to when the crime occurred and that it would not have been unusual for Petitioner to have been at the victims' house on the day of the crime. This claim was raised in Petitioner's Rule 3.850 motion and was denied because of the following: the alleged witnesses did not testify at the evidentiary hearing; both victims testified at trial that they were familiar with Petitioner; and there was no showing that these witnesses were available to testify at trial.

"[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted). Hence, the "petitioner must first make a sufficient factual showing, substantiating the proposed witness testimony." *Percival v. Marshall*, No. C-93-20068 RPA, 1996 WL 107279, at *3 (N.D. Cal. March 7, 1996) (citation omitted). "Such evidence might be sworn affidavits or depositions from the potential witnesses stating to what they would have testified. The rule is that `mere conclusory allegations' are insufficient." *Id.* Petitioner has failed to present evidence of actual testimony or any affidavit of alleged testimony. Petitioner has not made the requisite factual showing, and

his self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Moreover, at the Rule 3.850 evidentiary hearing, Petitioner's counsel testified that Petitioner never provided him the names of the potential witnesses. *See* Appendix OO, Transcript of Evidentiary Hearing at 56, 76. In addition, both victims testified that they had met Petitioner prior to the date of the incidents. *See* Appendix C, Transcript of Trial at 73, 118. Thus, the value of such testimony would have been limited.

As such, the Court finds that Petitioner has not shown that counsel acted deficiently or that he sustained prejudice. Under the circumstances, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

D. *Claim Four*

Petitioner states that trial counsel was ineffective for failing to object to Petitioner wearing a "stun belt" during the jury trial. This claim was raised in Petitioner's Rule 3.850 motion and was denied because there had been no showing of prejudice.

In the present case, the jury heard overwhelming testimony evidencing Petitioner's guilt. Petitioner has offered only conclusory allegations that the stun belt prohibited his participation at trial or otherwise caused him prejudice at trial.[5] He does not offer any evidence of how he would have more fully participated in the trial had he not been

---

[5] In fact, at trial, the trial court discussed the stun belt with Petitioner, and Petitioner indicated that he was comfortable. *See* Appendix C, Transcript of Trial at 6.

9

required to wear the stun belt, how his participation would have resulted in a different outcome, or how the outcome of his trial would have been different in the absence of a stun belt. In sum, Petitioner has not established that he was prejudiced by counsel's failure to object to or request a hearing regarding the stun belt. Accordingly, there has been no showing of prejudice. As a result, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

### E. Claim Five

Petitioner states that the trial court lacked jurisdiction over him because "the current information on record that Petitioner stands convicted on is not the same information that Petitioner pled to and arraigned [on]." *See* Doc. No. 1 at 23. Petitioner argues that this claim was raised on direct appeal, and Respondents argue that Petitioner "may have made reference" to this claim on direct appeal.

The Court has been unable to find where Petitioner made reference to this claim on direct appeal; however, it will assume that a vague reference was made to this claim on direct appeal. Nevertheless, Petitioner did not present the claim in terms of a deprivation of a federal constitutional right. Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the

opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). Hence, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Snowden*, 135 F.3d at 735 (holding that "to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

In the present case, Petitioner made no reference to the federal constitutional issue raised here. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition). Petitioner did not alert the state court to the fact that he was asserting claims under the United States Constitution. "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Thus, Petitioner's claim is unexhausted.

Moreover, because he would be precluded from now raising this claim in the state courts, it is procedurally defaulted.[6] Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the

---

[6]There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).

11

applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Leroy Sutton, Jr. is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[7] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 5th day of September, 2012.

                                        JOHN ANTOON II
                                        UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 9/4
Counsel of Record
Leroy Sutton, Jr.

---

[7]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.